[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO INTERVENE AS CLASSCO-PLAINTIFF
This action is one of a number of class actions pending in this court against Colonial Realty Company and various related entities (Colonial Realty Company and all of its related entities are referred to collectively in this Decision as "Colonial."). The current named plaintiff allegedly purchased an interest in the Colonial Normandy Limited Partnership and brings this action on behalf of himself and all others who also purchased such interests. The plaintiffs in the other class actions allegedly purchased an interest in a Colonial limited partnership and bring those actions on behalf of themselves and others who also purchased such interests. Each class action pertains to a separate Colonial limited partnership.
Villamor Parilla of Yorktown, Virginia has moved to intervene as a class co-plaintiff. Other individuals have moved to intervene as class plaintiffs in the following actions to which this decision pertains:
 No. 92-0518565S Audette v. Autuori; No. 92-0518561S Christoforo v. Pinkus; No. 92-0518562S Correnti v. Autuori; No. 92-0518566S Audette v. Pinkus; No. 92-0518563S Hadigian v. Cafritz; No. 92-0518569S Murtha v. Cafritz; CT Page 8420 No. 92-0518568S Reilly v. Pinkus; No. 91-0554097S Riggi v. Colonial Broadwater; No. 91-0554095S Rosen v. Colonial Metro; No. 92-0518572S Siracusa v. Autuori; No. 91-0554096S Sticka v. Colonial Realty/USA; No. 92-0518564S Tripodina v. Pinkus; No. 92-0518567S Waters v. Autuori; No. 92-0514452S Christoforo v. Arthur Andersen; No. 92-0514430S Audette v. Arthur Andersen; No. 91-0514431S Hadigian v. Arthur Andersen; No. 92-0514429S Murtha v. Arthur Andersen; No. 92-0514433S Reilly v. Arthur Andersen; No. 92-0514434S Tripodina v. Arthur Andersen
On January 5, 1996 this court, acting by the undersigned, issued a Memorandum of Decision striking seventeen of the amended complaints as to the Equitable defendants. The basis of the ruling with respect to a number of actions actions was that they had not been commenced within five years of the alleged fraud and were, therefore, barred under the applicable statute of limitations. On February 5, 1996 this court granted the motion of defendant Deloitte Touche to strike all claims against it in all class actions in which it was a defendant, except the Rota
action. The court also granted defendant Robert Lally's Motion to Strike all claims against him in Rota. One of the bases of the granting of those motions was that the date of purchase of the limited partnership interest alleged by the plaintiff in the Complaints was outside of the five year absolute bar period of the applicable statute of limitations.
On February 5, 1996 and February 20, 1996 the plaintiffs filed Amended Complaints in all of the class actions in which their complaints had been stricken based on statute of limitations. In those Complaints the plaintiffs for the first time alleged theoretical, rather than actual, dates of purchase of their limited partnership interests. The court granted a motion to strike and a request to revise by deletion with respect to those amendments. See Memorandum of Decision on the Equitable Defendants' Request to Revise by Deletion, dated October 1, 1996 and Memorandum of Decision on Motion to Strike the February 20, 1996 Complaint and Motion for Judgment of Deloitte Touche LLP and Robert V. Lally, dated August 6, 1996.
The purpose of the present Motions to Intervene appears to be to completely change the purchase dates on which the CT Page 8421 representative plaintiffs purchased their limited partnership interests. For example, in Audette v. Autuori, the June 20, 1995 Amended Complaint, which was the subject of a Motion to Strike by the Equitable Defendants, alleged that the representative plaintiff purchased his limited partnership interest in the Normandy Limited Partnership on or about September, 1986. Although the Motions to Intervene make no representation concerning date of purchase of limited partnership interest by the proposed intervenors, the Plaintiffs' Reply Memorandum in Support of the Motions to Intervene states at footnote 1 that Villamor Parilla purchased his limited partnership interest in Normandy in December, 1989.
For the same reasons stated in the Memoranda referred to above, the court will not permit the plaintiffs to amend their complaints at this stage in the proceedings to allege purchase dates which are substantially different from those alleged the original complaints in 1991 or 1992, and in all amended complaints through and including the June 20, 1995 Amended Complaints. To the extent the purpose of the Motions to Intervene is to change the previously alleged purchase dates and/or circumvent the court's previous rulings on the statute of limitations issue, the Motions are denied.
To the extent the Motions to Intervene have a purpose other than changing the purchase dates alleged in the Complaints, the court will consider that purpose at the time it considers the Motions for Class Certification.
By the court,
Aurigemma, J.